[S. C., ante, 330.]
See the case stated in the case of the same plaintiff against John and James M' Night, ante.
The writ issued in September, 1806. The declaration charged the offence to have been committed in the year 1805, and, on evidence, it appeared to have taken place in February, 1806.
stopping Williams, for the plaintiff, said, that, whether the declaration was substantially *Page 381 
good or not, was not for the jury to decide. The defendant might have demurred, or he may move in arrest of judgment.
CAMPBELL and HUMPHREYS, JJ., gave no opinion.
Verdict for plaintiff.
The following reasons in arrest of judgment were filed: —
1st. The defendant is not described in the declaration in the character he is described in the act.
2d. It is not distinctly set forth in the declaration that the defendant therein named did sell goods prohibited by the act; it is only said, being a pedler, c, and selling goods, which is a description of the person, not an allegation of the fact prohibited by the act.
Upon recurring to the declaration, it stated that the defendant not regarding the statute in such case made and provided passed the 7th of November, 1803, entitled, "An act ascertaining what property in this State shall be deemed taxable." "Sect. 5, it is enacted (here the clause was set out), did, after the 7th day of November, 1803, at ___, on ___, in the year, 1805, he, the said defendant, being a pedler and hawker, travelling from town to town, and to other men's houses, and trading and selling divers goods, wares, and merchandises, to wit, two yards of muslin, c, at ___, they, the said defendants not having before then had any license," c.
HAYWOOD, in support of the reasons, cited several books, showing that the statutes of amendment and jeofails did not apply to proceedings of this kind.
BARRY argued e contra